**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

AHMED KHAGO, *

Plaintiff, *

v. * Civil Action No. 8:25-cv-0587-PX

ROBERT F. KENNEDY, JR.,

*

Defendant.

***

**MEMORANDUM OPINION**

Pending in this employment discrimination action is the Secretary of the Department of Health and Human Services ("HHS")' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 30.[1] The motion is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is granted.

## I. Background

Since February 2021, Plaintiff Ahmed Khago ("Khago") worked as a statistician for HHS. ECF No. 1 ¶ 20. On February 28, 2021, Khago was made the Chief of the Population Surveys Branch ("PSB") within the Center for Behavioral Health Statistics and Quality ("CBHSQ"). *Id.* In early 2022, however, Khago's first level supervisor, Michael E. King ("King"), reassigned Khago to a non-supervisory statistician position within the PSB. *Id.* ¶ 21. As grounds, King cited Khago's poor communication skills and related employee complaints, including those from Khago's subordinate, Jennifer Hoenig ("Hoenig"). *Id.* ¶¶ 21(c), 23. King also told Khago that he was "waiting" for additional complaints so he could demote Khago, and gave Khago the lowest possible annual performance rating. *Id.* ¶¶ 22, 25. King next named Hoenig as Acting Chief of

[1] HHS' motion to dismiss shall be deemed timely filed and is hereby accepted nunc pro tunc to April 10, 2026.

the PSB which meant Khago now reported to Hoenig. *Id.* ¶¶ 21(b), 29.

After Khago's demotion, he received fewer work assignments, was removed from contractor meetings and email threads and had to give advance written notice of his leave requests. ECF No. 1 ¶¶ 36–41, 44–46, 48. Khago also asserts, with little detail, that Hoenig prevented the Center For Disease Control ("CDC") from hiring Khago. *Id.* ¶ 35. At Khago's next annual evaluations in February 2023 and February 2024, Hoenig gave Khago the lowest annual performance rating of all PSB employees. *Id.* ¶¶ 43, 50. She also removed him as lead on a sampling design report. *Id.* ¶ 51. Khago appealed each of his low-performance ratings, but management never responded. *Id.* ¶ 52. Khago also asked Hoenig and other senior supervisors to transfer him to another department to no avail. *Id.* ¶ 59(k).

Throughout, Khago filed several complaints with the Equal Employment Opportunity ("EEO") office beginning in February and March 2022. ECF No. 1 ¶¶ 53–54. On March 7, 2022, King alerted Hoenig, Coderre, and others by email of Khago's EEO complaint. *Id.* ¶ 32. Khago likewise filed complaints in February and March 2023, against Hoenig, Coderre, King and Lindsey Gonzales, his second-level supervisor. *Id.* ¶¶ 55–56. And in February and March 2024, Khago brought yet a third formal and informal complaint against Hoenig and the Deputy Director of CBHSQ, Sylvia Fisher. *Id.* ¶¶ 57–58.

This lawsuit followed. Although the Complaint does not identify distinct causes of action, Khago appears to assert that HHS discriminated against him because of his sex, race and national origin (Middle Eastern descent) and retaliation, all in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.* ECF No. 1 ¶ 59. HHS now moves to dismiss both claims. ECF No. 30. The Court considers each separately.

## II. Standard of Review

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). When ruling on a motion under Rule 12(b)(6), the court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive challenge, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Likewise, the Court need not accept unsupported legal allegations, *see Revene v. Charles Cty. Commr's*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Because Khago proceeds pro se, the Court must read the Complaint charitably and let all potentially viable claims proceed on the merits. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a pro se [pleading] must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, Civ. No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).

With this standard in mind, the Court first turns to the disparate treatment claim.

## III. Disparate Treatment

Title VII prohibits discrimination of "any individual with respect to [his] compensation terms, conditions, or privileges of employment, because of such individual's race, color, religion,

sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Absent direct evidence of discrimination, the Court applies the burden shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, the plaintiff must make a prima *facie* showing of discrimination by plausibly averring that he (1) belongs to a class protected by Title VII; (2) was performing his job satisfactorily; (3) experienced an adverse employment action; and (4) that his employer treated him differently than similarly situated employees outside his protected class. *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012). While a plaintiff need not strictly plead a *prima facie* case to survive a motion to dismiss, he must allege some facts that give rise to an inference of discrimination. *Parker v. Children's Nat'l Med. Ctr., Inc.*, Civ. No. ELH-20-3523, 2021 WL 5840949, at *9–10 (D. Md. Dec. 9, 2021).

HHS first argues that the discrimination claim fails because no complaint facts make plausible that Khago had been treated differently than similarly situated employees, or "comparators," on account of his race, gender or national origin. ECF No. 30-1 at 4–6. Notably, a plaintiff does not have to pursue a comparator theory of discrimination at the pleading stage. *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545 (4th Cir. 2003). But if he does, the complaint must make plausible that he and the comparators were "similarly situated in all relevant respects." *Johnson v. Baltimore City Police Dep't*, No. ELH-12-2519, 2014 WL 1281602, at *19 (D. Md. Mar. 27, 2014) (quotation marks omitted) (quoting *Sawyers v. United Parcel Serv.*, 946 F. Supp. 2d 432, 442 n.10 (D. Md. 2013), *aff'd*, 576 Fed. Appx. 199 (4th Cir. 2014)). Similarly situated comparators are ones that "(1) 'dealt with the same supervisor,' and (2) were 'subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'"

*Tinsley v. City of Charlotte*, 854 F. App'x 495, 500–01 (4th Cir. 2021) (quoting *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223–24 (4th Cir. 2019)). "[T]he purpose of the similarly situated requirement is to eliminate confounding variables, such as differing roles, performance histories, or decision-making personnel" to foreclose any legitimate non-discriminatory reasons for an employer's disparate treatment. *Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 405 (7th Cir. 2007) *aff'd*, 553 U.S. 442 (2008). Where, as here, no facts make plausible that the plaintiff is similarly situated in all relevant respects, then the discrimination claim must be dismissed. *See Chatelle v. Maryland*, Civ. No. GLR-21-1734, 2022 WL 2953042, at *8 (D. Md. July 25, 2022); *Price v. Howard Cnty. Pub. Sch. Sys.*, Civ. No. GLR-22-541, 2023 WL 170425, at *10 (D. Md. Jan. 11, 2023); *Carroll v. Porter*, No. Civ. No. GLR-23-02960, 2024 WL 3275482, at *6 (D. Md. July 2, 2024).

When viewing the Complaint most favorably to Khago, nine other employees of different races and three of a different gender received more favorable evaluations from Hoenig than he. ECF No. 1 ¶¶ 43, 48. But no facts make plausible that they were similarly situated to Khago in job duties, responsibilities, titles, or supervisory structure such that the disparate treatment gives rise to an inference of discrimination. Although Hoenig supervised Khago and the comparators, this alone does not make plausible that the identified coworkers had the same jobs, duties, or experiences. *See Coleman*, 626 F.3d at 191 (explaining that a disparate treatment claim fails when complaint's allegations regarding comparators "do[es] not rise above speculation.").

Khago does not meaningfully argue otherwise. Instead, he identifies in his response three other employees as putative alternate comparators who had been reassigned but, unlike him, retained their supervisory responsibilities. ECF No. 32 at 4. Although the Court does not permit a party to amend the complaint through his response brief, even if it did, the added "comparators"

do not cure the problem. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013). Nothing about the new employees make plausible that they were "similarly situated" to Khago. ECF No. 32 at 4. Merely because the putative comparators were treated more favorably than Khago does not mean he was mistreated on account of his race, gender or national origin. The disparate treatment claim must be dismissed.

The Court next turns to the retaliation claim.

**IV. Retaliation**

Title VII also prohibits employers from "discriminat[ing] against any of [their] employees . . . because [the employees] ha[ve] opposed any practice made an unlawful employment practice by [Title VII], or because [the employees] ha[ve] . . . participated in any manner in an investigation" under Title VII. 42 U.S.C. § 2000e-3(a). As with disparate treatment, in the absence of direct evidence of retaliatory intent, the Court follows the *McDonnell Douglas* framework. *See Strothers v. City of Laurel*, 895 F.3d 317, 327 (4th Cir. 2018). For this claim, the Complaint must make plausible that the plaintiff had engaged in protected activity; the employer took adverse action against him; and a causal link exists between the two. *Id.* An action is sufficiently "adverse" if it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 213 (4th Cir. 2019) (quoting *Burlington Indus. v. Ellerth*, 524 U.S. 742, 68 (1998). Additionally, to make plausible causation, some facts must reflect that the supervisor who took the adverse action against the plaintiff knew of the protected activity at the time. *See Koonce v. Austin*, Civ. No. 3:21CV660, 2022 WL 3006188, at *6–7 (E.D. Va. July 28, 2022) (citing *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 123 (4th Cir. 2021)) (explaining that even at the pleading stage, a plaintiff must plausibly allege that decisionmakers had actual knowledge of their protected activity).

Khago avers 14 separate acts of retaliation which took place between February 2022 and January 2025. ECF No. 1 ¶ 59. In most, Hoenig carried out the adverse action. *Id.* Hoenig, however, did not learn of Khago's 2022 EEO activity until March 7, 2022; so any alleged adverse action she took before she learned of the EEO charge could not have been retaliatory. *See* ECF No. 1 ¶ 32 (King email to Hoenig regarding Khago's complaint); *id.* ¶ 59 (a-j) and part of (k). Of the remaining adverse acts, many happened months, even years, after Khago filed his 2022 EEO charge. Accordingly, the passage of time alone renders implausible that the adverse treatment was on account of Khago's protected activity. *Id.* ¶ 59.[2]

When read most favorably to Khago, the only reasonably proximate adverse action was Hoenig's alleged interference with his getting the CDC position. *See Cox v. U.S. Postal Serv. Fed. Credit Union*, No. GJH-14-3702, 2015 WL 3795926, at *4 (D. Md. June 17, 2015) (denying a motion to dismiss a retaliation claim where the protected activity and adverse action were slightly over two months apart). But this claim fails for a different reason in that no facts make plausible what Hoenig *did* to thwart Khago's job offer. *See Belyakov v. Johnson*, Civ. No. DKC 2008-0757, 2009 WL 10685454, at *4 (D. Md. Feb. 5, 2009) (dismissing retaliation claim where plaintiff "vaguely allege[d] that Defendant did 'everything' it could to 'block' his employment efforts"). Mere conclusory allegations of "preventing" potential future employment are not enough. The retaliation claim must be dismissed.

---

[2] Hoenig's 2023 and 2024 evaluations and removal of Khago from "lead" on a sampling design report, as well as the denials of transfer in 2024 and 2025, are simply too far removed from the 2022 EEO activity to infer retaliatory animus. *See Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 126 (4th Cir. 2021) ("A lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action . . . negates any inference that a causal connection exists between the two."). Nor can Khago proceed on the 2023 or 2024 EEO complaints because the Complaint does not aver that Hoenig knew about this subsequent EEO activity.

## IV. Dismissal With or Without Prejudice

Dismissing a complaint with or without prejudice lies within the sound discretion of the district court. *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (quoting *180S, Inc. v. Gordini U.S.A., Inc.,* 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)). If the plaintiff has not yet amended the complaint, then generally, dismissal should be without prejudice. *Adams v. Sw. Virginia Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013). But if no amount of amendment could cure the identified defects, then dismissal should be with prejudice. *Weigel*, 950 F. Supp. 2d at 826.

Khago has not yet sought leave to amend the Complaint. He also proceeds pro se. Accordingly, the Court grants the motion but will give Khago one opportunity to file an amended complaint that cures the identified pleading defects. For the disparate treatment claim, Khago must either add sufficient facts to show the alleged comparators are similar "in all relevant respects;" or otherwise plead some facts that make plausible he had been treated adversely because of his race, gender or national origin. For the retaliation claim, the Amended Complaint must make plausible that HHS took some adverse action against Khago to chill his protected EEO activities. Actions that are adverse but too remote in time cannot plausibly support a retaliation claim. Nor can adverse actions taken by a supervisor who was unaware of the EEO activity give rise to an inference of retaliatory motive. Khago is forewarned that failure to amend the Complaint consistent with this Court's directives will result in dismissal of the Complaint with prejudice and without further notice.

## V. Conclusion

For the foregoing reasons, HHS' motion to dismiss the Complaint (ECF No. 30) is granted. Within 28 days from the date of this Opinion and accompanying Order, Khago shall file an

amended complaint that cures the pleading deficiencies or risk dismissal of the claims with prejudice. A separate Order follows.

11/23/2026
Date

/s/
Paula Xinis
United States District Judge